795 F.2d 780
 Paul Eugene McRORIE, Plaintiff-Appellant,
v.
Edwin T. SHIMODA, Warden, Oahu Community Correctional
Center; William Oku, Administrator, Halawa High Facility;
James Dunn, Sergeant, Halawa High Facility; Tany S. Hong,
Attorney General, State of Hawaii, Defendants- Appellees.
 No. 83-1541.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 13, 1985.*
Decided July 28, 1986.
 
 Paul Eugene McRorie, in pro. per.
 Tany S. Hong, Atty. Gen., James H. Dannenberg, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.
 Appeal from the United States District Court for the District of Hawaii.
 Before WALLACE, FLETCHER, and FERGUSON, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 McRorie appeals the district court dismissal of his pro se complaint alleging that the defendants violated 42 U.S.C. Sec. 1983. The district court held that McRorie's allegations that a prison guard attempted to plunge a riot stick into McRorie's anus during a strip search after a shakedown failed to state a claim on which relief could be granted. We affirm in part, reverse in part, and remand for further proceedings.
 
 I.
 
 2
 In his complaint McRorie alleged the following: A prison guard brutalized him during a strip search after a shakedown at the Oahu Community Correctional Center (OCCC) on December 15, 1981. After McRorie was stripped, the guard ordered him to turn around, put his hands above his head, and spread his legs. As the guard ordered McRorie to spread his legs farther apart, he tapped the inside of McRorie's thighs with a riot stick. When McRorie involuntarily giggled, the guard said "Oh, you think that's funny, huh?" and attempted to plunge the riot stick into McRorie's anus. Because of the force used, the guard ruptured one of McRorie's hemorrhoids. The guard then ordered McRorie to put on his trousers and "beat it."
 
 
 3
 McRorie also stated in papers presented to the district court that the attack on him was not an isolated attack "as some twenty-eight (28) inmates were injured at that time," and "Sgt. Dunn was acting under orders of his superiors at the time he perpetrated his brutality upon me.... Sgt. Dunn was ordered by his superiors to injure me in retaliation for the lawsuits I have filed with the court regarding illegal prison conditions existing at O.C.C.C."[1] He stated that he did not seek treatment at the prison infirmary for his injury because other inmates were more in need of medical attention than he was. The record contains no facts about how or whether prison officials responded to the guards' treatment of McRorie or the other inmates.
 
 
 4
 McRorie filed this 42 U.S.C. Sec. 1983 action in federal district court seeking damages for violations of his Eighth Amendment right to be free from cruel and unusual punishments and his Fourteenth Amendment right not to be deprived of liberty without due process of law, a declaration that the guard's actions were unconstitutional, and an injunction prohibiting the state from engaging in such excessive and unjustified violence.
 
 
 5
 The defendants moved to dismiss the action, claiming that isolated attacks on inmates by prison guards do not implicate the Eighth Amendment, and that the assault was not serious enough to have deprived McRorie of a liberty interest protected by the Fourteenth Amendment. They further contended that even if the assault constituted a deprivation of liberty, it did not violate due process because, under Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), Hawaii provided meaningful postdeprivation remedies through state tort law.[2] McRorie responded by filing a Motion for Judgment on the Pleadings. The district court denied McRorie's motion and granted the defendants' Motion to Dismiss. The district court concluded, without explanation, that the allegations did not state a claim on which relief could be granted under 42 U.S.C. Sec. 1983 or any other statute.[3] McRorie timely appealed. However, the district court certified that the appeal was not in good faith under 28 U.S.C. Sec. 1915(a) and refused to grant McRorie in forma pauperis status on appeal. This court granted McRorie's motion to consider the appeal based on the record below. We affirm in part, reverse in part, and remand for further proceedings.
 
 II.
 
 6
 Dismissal for failure to state a claim is a ruling on a question of law, freely reviewable by this court. Halet v. Wend Investment Co., 672 F.2d 1305, 1309 (9th Cir.1982). McRorie's complaint should not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Franklin v. Oregon State Welfare Division, 662 F.2d 1337, 1343 (9th Cir.1981) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). In reviewing a motion to dismiss we presume that the facts alleged in the complaint are true. Halet, 672 F.2d at 1309.
 
 III.
 
 7
 We conclude that McRorie's allegations, if true, state a section 1983 claim because they show that the defendants acted under color of state law and that their conduct deprived McRorie of his Eighth and Fourteenth Amendment rights.[4] See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), cert. denied, --- U.S. ----, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986).
 
 
 8
 Unquestionably, the prison guard was acting under color of state law because he was performing his official duties when he assaulted McRorie. See Meredith v. Arizona, 523 F.2d 481, 482 (9th Cir.1975). Shimoda, the OCCC Warden, and Oku, the Halawa High Security Facility Administrator, acted under color of state law, and would be liable in their personal capacities under section 1983 for the guard's assault if they "caused the deprivation," Kentucky v. Graham, --- U.S. ----, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). Because a suit against government officers in their official capacities is generally equivalent to a suit against the governmental entity itself, Shimoda and Oku will be liable in their official capacities if " 'policy or custom' ... played a part in the violation of federal law." Id. 105 S.Ct. at 3105-06. There is no need to determine now in which capacity Oku and Shimoda are being sued.[5] All we must determine is whether they are proper defendants in either capacity.
 
 
 9
 If McRorie's allegations are true, it is clear that Oku and Shimoda are proper defendants. In Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978), the court stated:
 
 
 10
 [P]ersonal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.
 
 
 11
 See Heller v. Bushey, 759 F.2d 1371, 1375 (9th Cir.1985) ("The proper individual defendants in this action are those officials who were in office before or at the time [the plaintiff] was arrested and who may have adopted a plan or policy authorizing the alleged unconstitutional conduct."), rev'd and remanded on other grounds sub nom., City of Los Angeles v. Heller, --- U.S. ----, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); Wanger v. Bonner, 621 F.2d 675, 679-81 (5th Cir.1980) (must establish causal connection between act of supervisory official and alleged constitutional violation, such as that subordinates acted pursuant to policies implemented by supervisor), cited with approval in Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir.1984); see also Oklahoma City v. Tuttle, --- U.S. ----, 105 S.Ct. 2427, 2434, 2436, 85 L.Ed.2d 791 (1985); Jones v. Johnson, 781 F.2d 769, 772 (9th Cir.1985).[6] McRorie alleges that guards seriously injured him and twenty-eight other prisoners during the shakedown and that Sergeant Dunn was acting under orders of his superiors. If proved, these acts reflect a "disposition to disregard human life and safety so prevalent as to be ... policy or custom." Grandstaff v. City of Borger, Texas, 767 F.2d 161, 171 (5th Cir.1985), petition for cert. filed, 54 U.S.L.W. 3745 (U.S. Mar. 27, 1986) (No. 85-1585); see also Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir.1985) (supervisor may be held liable for police shooting of civilian because of policy allowing excessive force). Policy or custom may be inferred if, after the shakedown, the prison officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit the guards' conduct was in error. Grandstaff, 767 F.2d at 171-72. The record is silent as to what action the officials took after the shakedown. On remand, McRorie should be given the opportunity to amend his complaint to make allegations about the officials' conduct.
 
 
 12
 For the reasons set forth below, the guard's brutality deprived McRorie of his Eighth Amendment right to be free from cruel and unusual punishments and his Fourteenth Amendment right against a deprivation of liberty without due process of law.
 
 IV.
 
 13
 We hold that McRorie stated a claim under 42 U.S.C. Sec. 1983 by alleging that the prison guard used unjustified and excessive force against him in violation of the Eighth Amendment proscription against cruel and unusual punishments. A prison guard's unjustified striking, beating, or infliction of bodily harm on an inmate violates the Eighth Amendment when it "evince[s] such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Whitley v. Albers, --- U.S. ----, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).
 
 
 14
 We recognize that "[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry." Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). That authorization ends, however, when the force used in the action is so excessive as to violate a prisoner's constitutional rights. See Whitley, 106 S.Ct. at 1085 (actions taken that guard could not plausibly have thought necessary are actionable).
 
 
 15
 The guard's conduct against McRorie, if proved, violated McRorie's Eighth Amendment right because it constituted a use of force that the guard could not plausibly have thought necessary and evinces a wanton disregard for the unjustified infliction of harm. McRorie was assaulted during a controlled strip search: he was naked, spread eagle, with his hands against the wall and his back to the guard. By assaulting McRorie in the manner alleged, the guard deliberately used excessive force that inflicted bodily harm under circumstances when he knew or should have known that it was an unnecessary and wanton infliction of pain.
 
 V.
 
 16
 To state a claim under section 1983 based on a Fourteenth Amendment due process violation, McRorie must allege a liberty deprivation and a lack of due process.[7] In this circuit, prisoner allegations of guard brutality state a claim under section 1983 because conduct that amounts to brutality violates the prisoner's " 'right to be secure in one's person,' " a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Meredith v. Arizona, 523 F.2d 481, 482 (9th Cir.1975) (quoting Gregory v. Thompson, 500 F.2d 59, 62 (9th Cir.1974)); see Ingraham v. Wright, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977) (the "right to be free from, and to obtain judicial relief for, unjustified intrusions on personal security" protected by the Fourteenth Amendment).
 
 
 17
 We follow the Second Circuit test established to determine when a prison guard's conduct amounts to brutality and is therefore a liberty deprivation without due process:
 
 
 18
 [A] court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.
 
 
 19
 Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), quoted in Meredith, 523 F.2d at 483;[8] see Rutherford v. City of Berkeley, 780 F.2d 1444, 1446 (9th Cir.1986).
 
 
 20
 If McRorie's allegations are true, the guard's intentional acts amounted to brutality under Johnson and deprived McRorie of liberty without due process of law in violation of the Fourteenth Amendment. The amount of force was unnecessary; a guard can conduct a strip search without plunging a riot stick into a prisoner's anus. The injury inflicted was significant and painful. Given McRorie's compliance during the search and the guard's comments, the assault could only have been made for the purpose of causing harm. It was "intentional, unjustified, brutal, and offensive to human dignity." Meredith, 523 F.2d at 484.
 
 
 21
 We also conclude that the Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), has no application to this case. We held in Rutherford that Parratt does not apply to intentional deprivations of liberty that rise to the level of substantive due process violations. See Rutherford, 780 F.2d at 1447.
 
 
 22
 Therefore, "[t]he existence of a basis for liability under state tort law does not affect our conclusion," id. at 1446, that McRorie stated a claim under section 1983. In Rutherford we held that allegations of assault and battery by police officers stated a claim under section 1983. We concluded that "when the challenged government action is of such an egregious nature as to constitute a deprivation of fundamental due process rights within the meaning of Rochin and Meredith, the availability of state court relief does not bar federal relief under Sec. 1983." Id. at 1448 (citing Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), and Meredith v. Arizona, 523 F.2d 481 (9th Cir.1975)).
 
 
 23
 The Rutherford court articulated the fundamental differences between substantive and procedural due process violations. The court's discussion reflects that substantive due process violations ordinarily occur in situations involving deprivations of liberty interests rather than property interests. Rutherford, 780 F.2d at 1446-48; see also Haygood, 769 F.2d at 1356 ("All denials of life, liberty or property will fall somewhere on a continuum between relatively minor effects on nonconstitutional interests at one end, and the loss of life at the other. On that continuum, we recognize that a denial of liberty will often have a more grave effect upon the victim than will a deprivation of property."). When substantive deprivations of liberty interests are involved, due process is violated at the moment the intentional injury to the interest occurs. The existence of a post-deprivation hearing, therefore, is irrelevant to whether the state has deprived a prisoner of liberty without due process of law.
 
 
 24
 By contrast, a procedural due process violation, such as a random and unauthorized deprivation of property, does not occur until the state deprives the individual of a procedure for redress. Property's susceptibility to being restored or replaced after a temporary deprivation supports a policy of allowing the state to try to remedy the loss before the deprivation becomes a constitutional violation. Liberty, however, is not restorable or replaceable; a liberty deprivation is permanent. Haygood, 769 F.2d at 1357 (process after loss of liberty can provide only a "substitute remedy"); see also Ingraham v. Wright, 430 U.S. at 695, 97 S.Ct. at 1424 (White, J., dissenting) ("The infliction of physical pain is final and irreparable; it cannot be undone in a subsequent proceeding."). The availability of predeprivation or postdeprivation hearings is meaningless to McRorie because the constitutional violation occurred when the guard intentionally harmed him. See Gilmere v. City of Atlanta, 774 F.2d 1495, 1499 (11th Cir.1985) (en banc), cert. denied, --- U.S. ----, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986), and --- U.S. ----, 106 S.Ct. 1993, 90 L.Ed.2d 673 (1986). As we held in Rutherford: "Because the substantive due process is violated at the moment the harm occurs, the existence of a post deprivation state remedy should not have any bearing on whether a cause of action exists under Sec. 1983." 780 F.2d at 1447.
 
 
 25
 In sum, the Supreme Court limitations on section 1983 suits announced in Parratt do not apply to intentional deprivations of liberty interests that rise to the level of substantive due process violations. The prison guard's intentional attack on McRorie was not only an affirmative abuse of governmental power, but also an egregious example of how that power can be used as an instrument of oppression. Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Davidson was "quite different from [a case] involving injuries caused by an unjustified attack by prison guards themselves." Id. 106 S.Ct. at 670-71 (citing Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). McRorie therefore states a claim under 42 U.S.C. Sec. 1983 for a Fourteenth Amendment violation.
 
 VI.
 
 26
 The district court erred in dismissing McRorie's action for failure to state a claim. McRorie stated a claim under 42 U.S.C. Sec. 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishments and his Fourteenth Amendment right not to be deprived of liberty without due process of law. We affirm in part and reverse in part the dismissal of his action, and remand for further proceedings.
 
 
 27
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 28
 WALLACE, Circuit Judge, concurring in part and dissenting in part:
 
 
 29
 I concur in the majority opinion insofar as it affirms the district court's dismissal of McRorie's claims against Hawaii attorney general Hong and of his claim under 42 U.S.C. Secs. 1997-1997j. I further agree that McRorie adequately pleaded an eighth amendment claim against Dunn, the prison guard. I dissent, however, from the remainder of the majority opinion.
 
 
 30
 * I first dissent from the majority's determination that McRorie has stated a claim against Shimoda and Oku. The majority relies critically on allegations made by McRorie in his motion for judgment on the pleadings to conclude that he stated a claim against Shimoda and Oku. By construing these allegations to constitute part of McRorie's pleadings, the majority contravenes the Federal Rules of Civil Procedure. Rule 7, Fed.R.Civ.P., draws a clear line between pleadings, on the one hand, and motions and other papers, on the other. The category of pleadings is narrowly drawn, see Fed.R.Civ.P. 7(a) (listing pleadings and stating that "[n]o other pleading shall be allowed"), and clearly does not encompass motions, see Fed.R.Civ.P. 7(b). Thus, while we are to interpret liberally the allegations of a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), we have no warrant to consider as part of the complaint allegations made outside the pleadings.
 
 
 31
 McRorie's complaint does not state a claim against Shimoda or Oku in either their personal or official capacities. Nothing in his complaint alleges that Shimoda and Oku, acting under color of state law, have personally caused the deprivation of his federal rights, nor does his complaint allege that a state policy or custom was a moving force behind his alleged deprivation. See Kentucky v. Graham, --- U.S. ----, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). Indeed, even the majority acknowledges the inadequacy of the complaint as it directs the district court on remand to allow McRorie to amend his complaint to incorporate the critical allegations upon which the majority now relies. Maj. op. at 782 n. 1. I agree with the majority that under Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir.1970), McRorie, as a prisoner, should be given an opportunity to amend his complaint. I simply cannot perceive, however, how the majority can hold at this time that McRorie has already adequately pleaded a claim against Shimoda and Oku.
 
 II
 
 32
 I also cannot agree with the majority's conclusion that McRorie has stated a due process claim. On the contrary, I believe that McRorie has expressly waived any reliance on the due process clause. McRorie opens his "Supplemental Memorandum in Support of Civil Complaint" by declaring: "It is plaintiff's contention that the instant case is an 8th Amendment one, and not a due process case, as defendants allege." One could hardly ask for a more explicit abandonment of a legal theory. Moreover, there is no reason to question deferring to this waiver, since it certainly does not prejudice McRorie's cause. As the Supreme Court has recently made clear, "the Due Process Clause affords [prison inmates] no greater protection than does the Cruel and Unusual Punishment Clause." Whitley v. Albers, --- U.S. ----, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986). Thus, the majority has no reason to pursue this obviously waived claim, and its discussion of the scope of Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is unnecessary.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f)
 
 
 [1]
 McRorie made these statements in a motion for Judgment on the Pleadings, not in his complaint. Because the district court dismissed McRorie's action without giving its reasons or allowing McRorie to amend his complaint to overcome any deficiencies, remand is appropriate to allow McRorie to so amend. Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir.1970). Moreover, the record indicates that the defendants never filed a responsive pleading to McRorie's complaint. On remand, the district court must also allow McRorie to amend his complaint at least "once as a matter of course," Fed.R.Civ.P. 15(a), to include these allegations as well as any other amendments he may want to incorporate
 
 
 [2]
 This appeal was submitted to this court solely on the district court papers. Therefore, neither party has briefed developments in the law since 1982, when the parties were before the district court. In 1984 the Supreme Court, in Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), extended Parratt to intentional deprivations of property. In 1986 the Court, in Daniels v. Williams, --- U.S. ----, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), reconsidered what amounts to a constitutional deprivation of liberty. We therefore discuss the defendants' argument as though it had used Hudson, Daniels, and Davidson as well as Parratt
 
 
 [3]
 McRorie also requested relief under 42 U.S.C. Secs. 1997-1997j, which authorize the United States Attorney General to institute civil actions against certain institutions for violating the civil rights of persons confined or residing therein. We affirm the district court dismissal of this claim because 42 U.S.C. Sec. 1997j precludes a private cause of action under these sections
 
 
 [4]
 The district court properly dismissed the complaint against Hawaii Attorney General Hong. In Hawaii, a person sentenced to prison is committed to the custody of the Director of the Department of Social Services and Housing, not the Attorney General. Hawaii Rev.Stat. Sec. 706-672
 
 
 [5]
 As the Supreme Court pointed out: "In many cases the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." Kentucky v. Graham, 105 S.Ct. 3099, 3106 n. 14 (1985) (quoting Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985)). That is the case here: it is not possible to determine from the pleadings the capacities in which McRorie sues Oku and Shimoda. This question will be answered during the usual process of pleadings and pretrial orders that occur in all litigation in federal district courts
 
 
 [6]
 In some instances, a single act will establish liability if the decision to take the action is made by an authorized governmental decision maker and the action violates an individual's constitutional rights. See Pembaur v. City of Cincinnati, --- U.S. ----, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (municipal liability founded on county prosecutor's order to deputy sheriffs to enter forcibly a clinic that caused violation of petitioner's Fourth Amendment rights)
 
 
 [7]
 In his complaint, McRorie alleged injuries "under the Eighth and Fourteenth Amendments." In his Supplemental Memorandum in Support of Civil Complaint, McRorie stated "[i]t is plaintiff's contention that the instant case is an 8th Amendment one, and not a due process case," but later in the same memorandum McRorie discussed in some detail a due process case, Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). In Johnson, the plaintiff was a pretrial detainee alleging brutality by correctional officers. The court held that Eighth Amendment prohibitions did not apply because a pretrial detainee has suffered no "punishment" within the meaning of the Eighth Amendment, but concluded the plaintiff did state a due process claim under the Fourteenth Amendment. Id. at 1032. This suggests that McRorie did not abandon his due process cause of action. Upon remand, an amended complaint can clarify his contentions
 
 
 [8]
 Several other circuits have adopted this test. E.g., Bates v. Jean, 745 F.2d 1146, 1151-52 (7th Cir.1984); Norris v. District of Columbia, 737 F.2d 1148, 1150 (D.C.Cir.1984); United States v. Calhoun, 726 F.2d 162, 163 (4th Cir.1984); Sampley v. Ruettgers, 704 F.2d 491, 495-96 (10th Cir.1983); Putman v. Gerloff, 639 F.2d 415, 420 (8th Cir.1981)