992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrell JACKSON, a/k/a Rashad Ali Muhammad,
Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections,
Defendant-Appellee.
Mitchell Harrell JACKSON, a/k/a Rashad Ali Muhammad,
Plaintiff-Appellant,
v.
CSO CONLON, Special Management Unit, et al., Defendants-Appellees.
Mitchell Harrell JACKSON, Plaintiff-Appellant,
v.
James R. UPCHURCH, et al., Defendants-Appellees.
Mitchell Harrell JACKSON, Plaintiff-Appellant,
v.
James R. UPCHURCH, et al., Defendants-Appellees.
 Nos. 92-16513, 92-16515, 92-16569 and 92-16592.
 United States Court of Appeals, Ninth Circuit.
 April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell H. Jackson, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials in his 42 U.S.C. § 1983 civil rights actions alleging various constitutional violations. As the dispositive issues in these appeals share common questions of law and fact, these appeals are hereby consolidated. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 Background
 
 3
 Appellant alleges that prison officials violated his first and fourteenth amendment rights by issuing him a disciplinary citation in retaliation for exercising his right of access to the courts. He also alleges that they denied him due process in the resulting disciplinary action, and improperly denied him access to the courts. He further alleges that prison officials conspired to deprive him of due process rights in that they denied him the opportunity to use other inmates to assist in his defense at the disciplinary hearing and held the disciplinary hearing in absentia.
 
 Standard of Review
 
 4
 This court reviews the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). A material fact is one that is relevant to the determination of the action. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). However, the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material fact; the nonmoving party must set forth specific facts showing the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Therefore, a mere scintilla of evidence is not sufficient; there must be sufficient evidence upon which the jury could find for the nonmoving party. Anderson, 477 U.S. at 252.
 
 Due Process
 
 5
 Appellant contends that he was deprived of his due process rights when he was charged with a major offense, and prison rules concerning the adjudication of major violations were not followed.[1] We reject this contention. "State of Arizona Department of Corrections Rules of Discipline (March, 1986)" (Rules) define a major offense as "[a]n offense for which the punishment imposed, whether suspended or unsuspended, includes recommended loss of time credits already earned, or disciplinary isolations, or placement in parole eligibility Class III." Rules, R5-1-601(k). A minor offense is "[a]n offense for which the punishment imposed, whether suspended or unsuspended, does not include recommended loss of time credits already earned, or disciplinary isolation, or placement in parole eligibility Class III." Id. at R5-1-601(1). Since the penalty imposed here, the loss of store, phone and appliance privileges for 30 days, did not fall into any of these categories, appellant was not charged under prison regulations with a major offense. Consequently, the due process protections of Wolff v. Donnell are inapplicable. 418 U.S. 539, 571 n. 19 (Wolff not intended to apply to minor violations proceedings).
 
 
 6
 Appellees correctly contend that Hewitt v. Helms provides the appropriate standard of due process in this case. 459 U.S. 470, 472 (1982); see Toussaint v. McCarthy, 801 F.2d 1080, 1099-100 (9th Cir.1986). Appellant was notified of the charge against him, and he submitted a defense in his own behalf. Accordingly, appellant's right to due process was not violated when prison officials handled his disciplinary action through informal and nonadversarial procedures.[2]
 
 Conspiracy and Retaliation
 
 7
 Appellant's allegations of conspiracy and retaliation, unsupported by affidavits or specific facts, were insufficient to withstand summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("A summary judgment motion cannot be defeated by relying solely on the conclusory allegations unsupported by factual data."). To succeed on a retaliation claim, appellant must do more than allege retaliation by prison authorities based on appellant's exercise of a constitutionally protected right; he must show that the "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enought to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)). Appellant makes no such showing.
 
 
 8
 Thus, the district court did not err in finding that appellant did not raise a triable issue of fact with regard to his conspiracy and retaliation claims. See Dawson, 778 F.2d 527 at 532; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (conclusory allegations of conspiracy insufficient to support claim under § 1983).
 
 Eighth Amendment
 A. Medical Care
 
 9
 Appellant contends that prison officials were deliberately indifferent to his serious medical needs, and that the district court erred in granting summary judgment in favor of prison officials on this claim. Appellant alleges that, between March 6, 1990 and June 12, 1990, he received no treatment for a serious shoulder injury, except aspirin as a mild analgesic.
 
 
 10
 In their summary judgment motion, appellees produced an affidavit and medical records demonstrating that, on March 6, 1990, appellant was taken to the Maricopa Medical Center (MMC) to see an orthopedic specialist about his shoulder injury. He became disruptive and, in the course of being restrained, he reinjured his shoulder.[3] He was removed and returned to prison. Upon return to prison, a notation was made in his medical records that the orthopedic appointment should be rescheduled.
 
 
 11
 On March 13, 1990, the Outside Review Committee (ORC) approved a referral to an orthopedic specialist on priority 4 basis. A priority 4 referral means that the inmate should see a specialist within 1 to 6 months. The ORC is composed of prison medical staff and meets regularly to review requests for medical consultations outside the prison. On April 14, 1990, appellant was seen at the prison health unit, where he requested an orthopedic appointment. He was advised that one was scheduled for May 12, 1990. He was seen again on May 7, 1990, and on May 12, 1990, he received his orthopedic appointment.
 
 
 12
 Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain and is proscribed by the eighth amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the eighth amendment. Id. at 106; see Toussaint, 801 F.2d at 1111. Indifference may be manifest by the intentional denial or delay of access to medical care or intentional interference with treatment once prescribed. Estelle, 429 U.S. at 106-07. "In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual cases, indicating more than mere negligent or isolated occurrences of neglect." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (citation omitted).
 
 
 13
 "Although [appellant]'s treatment was not as prompt or as efficient as a free citizen might hope to receive, [appellant] received medical care by prison officials that addressed his need. Nor does the delay in treatment that [appellant] suffered constitute an eighth amendment violation; the delay must have caused substantial harm." Id. Given the seriousness of his condition and the treatment he actually received, such harm was not demonstrated here. Based on the medical evidence that the ORC gave appellant a level 4 priority in rescheduling his appointment, appellant's sprain did not require emergency treatment. Therefore, there is no evidence that prison officials were deliberately indifferent to appellant's serious medical needs when he was removed from MMC and seen in the health unit of the prison until an orthopedic appointment could be rescheduled.[4]
 
 B. Assault at MMC
 
 14
 Appellant alleges that, while at MMC, he faithfully and obediently followed all orders given by the corrections officers. He alleges that, for no legitimate reason, he was pulled to his feet by the shackles around his feet and waist and slammed into a wall, thus reinjuring his shoulder and resulting in eventual surgery. The use of excessive force against a prisoner by prison personnel violates the prisoner's eighth amendment rights. See McRorie v. Shimoda, 795 F.2d 780, 783-84 (9th Cir.1986).
 
 
 15
 In response to this allegation, appellees at summary judgment produced a bare affidavit and answer by one of the corrections officers that appellant failed to follow orders and became abusive, and that fearing danger to the civilian employees at MMC, he returned appellant to prison without medical treatment. This is insufficient to support summary judgment. See Allen v. Schribner, 812 F.2d 426, 429 (9th Cir.1987) ("at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"). We cannot say as a matter of law that a reasonable jury could not find in favor of appellant on these facts. See Anderson, 477 U.S. at 252. Accordingly, we reverse the district court's grant of summary judgment on this issue and remand for further proceedings.[5]
 
 Conclusion
 
 16
 As appellant has failed to meet his burden of articulating the existence of a disputed material fact in his due process, retaliation, conspiracy and deliberate indifference claims, the district court properly granted summary judgment in favor of the defendants. As there is a genuine issue of material fact as to appellant's allegations regarding the use of excessive force in an assault by a corrections officer, we reverse on that claim and remand for further proceedings in the district court consistent with this opinion.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel finds these cases suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A minor violation penalty was actually imposed
 
 
 [2]
 To the degree that appellant claims that prison officials violated prison regulations in the processing of his appeal, we reject this contention for the reasons stated in the district court's orders dismissing these claims
 
 
 [3]
 We need not resolve the actual events as they occurred at MMC. Even assuming appellant's version of these events, summary judgment was appropriate on the claim of deliberate indifference
 
 
 [4]
 Assuming that the corrections officers improperly removed him from MMC, at best he has stated a negligent deprivation of medical care
 
 
 [5]
 This allegation was raised below in CV-90-1645-PHX-EHC, CV-90-1037-PHX-EHC, and CV-90-00687-PHX-EHC. The district court did not address this claim in CV-90-1645-PHX-EHC. The district court dismissed the eighth amendment claims in CV-90-00687-PHX-EHC because they were being litigated in CV-90-1037-PHX-EHC. We reverse and remand only in CV-90-1037-PHX-EHC, the action in which these claims were decided on the merits