5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald S. BURGO, Plaintiff-Appellee,
v.
Edwin T. SHIMODA, Defendant-Appellant.
 No. 92-16352.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.
Memorandum Filed March 17, 1992.
Memorandum Withdrawn Aug. 18, 1993.
Decided Aug. 18, 1993.
 
 Before: WALLACE, Chief Judge, FARRIS, and BRUNETTI, Circuit Judges.
 
 ORDER
 
 1
 The memorandum disposition filed on March 17, 1993 is withdrawn. The attached memorandum disposition is ordered filed.
 
 
 2
 The panel has voted to deny appellant's petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 3
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 5
 MEMORANDUM*
 
 
 6
 Edwin T. Shimoda, Administrator of the Oahu Community Correctional Center, appeals the district court's denial of his summary judgment motion based on qualified immunity in an action under 42 U.S.C. Sec. 1983 brought by Ronald S. Burgo, a Hawaii state prisoner. We have jurisdiction to review an appeal of the denial of a summary judgment motion on the ground of qualified immunity. Mitchell v. Forsythe, 472 U.S. 511, 530 (1985). We affirm.
 
 
 7
 We review de novo the district court's denial of the defense of qualified immunity. Lum v. Jensen, 876 F.2d 1385, 1386 (9th Cir.), cert. denied, 493 U.S. 1057 (1990).
 
 
 8
 Burgo alleged that his eighth amendment right not to be subjected to cruel and unusual punishment was violated when Sergeant Supervisor Melvin Kauhane physically attacked him, breaking his jaw and causing other injuries. It is undisputed that the attack was unprovoked. Sergeant Kauhane had previously assaulted two other inmates. The district court denied Administrator Shimoda's summary judgment motion as premature, without prejudice to his reasserting qualified immunity as a defense, on the ground that there were disputed issues of fact about whether Shimoda knowingly failed to take steps to avert further assaults on inmates by Kauhane, thereby displaying deliberate indifference to Burgo's eighth amendment rights.
 
 
 9
 Shimoda contends that the district court erred in denying his motion for summary judgment because (1) the law governing his conduct as Administrator of the prison was not clearly established; and (2) even if the district court had correctly ruled that Shimoda could be liable if he had been "deliberately indifferent" to the danger of Kauhane assaulting prisoners, Shimoda had not shown "deliberate indifference."
 
 
 10
 Qualified immunity protects government officials who perform discretionary functions from liability for damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and "could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). To determine whether an official is entitled to qualified immunity, a court must determine (1) whether the right allegedly violated was "clearly established" at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Act Up!/ Portland v. Bagley, No. 90-35888, slip op. 1071, 1076-77 (9th Cir. Feb. 10, 1993). The officer should prevail if the right asserted by the plaintiff was not "clearly established" or if the officer could have reasonably believed that his conduct was lawful. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991). Officials are charged with knowledge of relevant law in existence at the time of the alleged violative conduct. Tribble v. Gardner, 860 F.2d 321, 324 (9th Cir.1988), cert. denied, 490 U.S. 1075 (1989). Ordinarily, the district court should resolve the question of qualified immunity before trial, Hunter v. Bryant, 112 S.Ct. 534, 536-37 (1991), but if "a genuine issue of fact prevents a determination of qualified immunity at summary judgment, the case must proceed to trial." Act Up!, No. 90-35888, slip op. at 1079.
 
 
 11
 Shimoda disputes the district court's conclusion that it was clearly established "that a violation of the constitution would occur if a prison official who was in a position to take steps to avert an assault failed to do so intentionally or with deliberate indifference." At the time of the assault, in March 1988, it was clearly established that the use of excessive force against prisoners by prison personnel violated prisoners' eighth amendment rights. See McRorie v. Shimoda, 795 F.2d 780, 783-84 (9th Cir.1986). It was also clear that prison officials would be liable in their personal capacities under section 1983 if their conduct caused the violation. Id. (citing Kentucky v. Graham, 473 U.S. 159 (1985)). Prisoners could state a claim against prison personnel under 42 U.S.C. Sec. 1983 "by establishing that prison personnel acted with 'deliberate indifference' in creating the condition that violates the eighth amendment." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (citing Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978) and Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986)).
 
 
 12
 Shimoda contends, however, that the "deliberate indifference" standard set forth in Leer, 844 F.2d 628, and Berg, 794 F.2d 457, is inapplicable because those cases involved attacks on inmates by other inmates, not attacks on prisoners by prison personnel. Leer made no such distinction, however, and when Leer was decided, we had previously held that prison officials would be personally liable under section 1983 for a deprivation of a prisoner's eighth amendment rights resulting from an assault by a prison guard if the officials' conduct "caused the deprivation." McRorie, 795 F.2d at 783 (citing Kentucky v. Graham, 473 U.S. at 166). Accordingly, the district court correctly determined that Burgo's right not to be subjected to excessive force by prison personnel was clearly established, as was the responsibility of supervisory prison personnel not to act with deliberate indifference to that right. Leer, 844 F.2d 628, 633.[1]
 
 
 13
 Shimoda also contends that even if "deliberate indifference" is the applicable standard, he was not deliberately indifferent to Burgo's rights because he did not know that Kauhane was having contact with inmates at the time of the attack on Burgo, and that it was not his direct responsibility to enforce the "no contact" order that issued after the first reported assault. Burgo contends, however, that Shimoda did know that Kauhane was in contact with inmates in violation of the order because a second assault by Kauhane on an inmate was reported while Kauhane was under the no-contact order, and Shimoda ordered an investigation into that incident. The parties also disagree about whether Shimoda is responsible for lengthy delays in investigating Kauhane's two previous assaults on inmates and in taking disciplinary action. Because these issues of fact must be resolved in order to determine whether Shimoda "knowingly violated the law" by failing to take steps to prevent Kauhane from repeating his physical attacks on inmates, the district court did not err in denying summary judgment. See Hunter v. Bryant, 112 S.Ct. 534, 537; Act Up!, slip op. at 1079.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Shimoda contends that the Supreme Court's recent decision in Hudson v. McMillian, 112 S.Ct. 995 (1992) requires that Burgo prove that Shimoda acted "maliciously or sadistically" rather than with "deliberate indifference" to Burgo's rights. This decision does not affect our determination of whether Burgo had a clearly established right at the time of the alleged violation, for purposes of Shimoda's claim of qualified immunity. See Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("[I]n the light of preexisting law the unlawfulness must be apparent."); Tribble, 860 F.2d at 324