29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orleans HOPKINS, individually; Melba Lazenby-Jenkins, as
Administratix of the Estate of Jerry Stancill,
Plaintiffs-Appellants,
v.
Marc ANDAYA; City of Oakland, California; George T. Hart,
Defendants-Appellees.
 No. 93-15463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1994.
Decided Aug. 1, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Oakland police officer Marc Andaya killed Jerry Stancill. Stancill's mother and his two children filed this Sec. 1983 suit against Officer Andaya, Police Chief George Hart, and the City of Oakland. The case was tried before a jury, which entered a verdict for defendants. Plaintiffs appeal on various evidentiary grounds. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 * Denial of Continuance for Further Discovery
 
 
 5
 "The district court's decision to grant or deny a continuance will not be overturned except upon a showing of clear abuse of discretion." Sablan v. Department of Finance, 856 F.2d 1317, 1321 (9th Cir.1988) (denial of continuance in order to conduct discovery is essentially a denial of discovery); accord United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992).
 
 
 6
 In determining whether a district judge abused his or her discretion in refusing to grant a continuance, our precedents require us to consider four factors: the appellant's diligence in attempting to prepare his case for the originally scheduled trial date; the likelihood that the grant of a continuance would have resolved the problem which led the appellant to seek a continuance; the inconvenience a continuance would have caused the court and the opposing party; and the extent to which the appellant might have suffered harm as a result of the district court's denial.
 
 
 7
 Martel v. County of Los Angeles, 21 F.3d 940, 943 (9th Cir.1994). Although the court must weigh these factors against one another, "we will not reverse absent a showing of prejudice." Id.
 
 
 8
 Appellants' diligence is not disputed. The June memos fell within the perimeters of their 1988 production request, so defendants should have produced them. Even though the motion was made four days before trial, a one-day continuance would not have greatly inconvenienced the court or the opposing party. Nevertheless, appellants have not shown that granting the continuance would have "resolved the problem which led [them] to seek the continuance."
 
 
 9
 Even if the factors weighed in appellants' favor, we would not reverse. Appellants have not sufficiently shown (including responses to questioning at oral argument) that denial of the continuance resulted in actual and substantial prejudice to them. See Sablan, 856 F.2d at 1321. At least one of the officers mentioned in the June memos--Sergeant Moschetti--was on plaintiffs' witness list, but plaintiffs did not call him to testify about the memos or the other officers' complaints. Plaintiffs cannot establish that the court's denial of the continuance prejudiced their case.
 
 II
 Evidentiary Rulings
 
 10
 Evidentiary rulings are reviewed for an abuse of discretion and will not be reversed absent some prejudice. Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir.1988). "To show reversible prejudice a party must demonstrate that the allegedly erroneous evidentiary ruling more probably than not was the cause of the result reached by the court." Id. at 1133.
 
 
 11
 A. Evidence of Stancill's Prior Acts and Medical History
 
 
 12
 The district court admitted evidence of Stancill's prior acts and expert testimony concerning his psychiatric history under Federal Rule of Evidence 404(b), because it tended to show the nature of Stancill's behavior when he was off his medication. Although determining the initiator of the May 21, 1984 incident was material, see United States v. Pitts, 6 F.3d 1366, 1370 (9th Cir.1993); United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991), the only way evidence of Stancill's specific acts could be probative is if Stancill acted in conformity with his prior behavior. This is precisely the type of evidence Rule 404(b) seeks to exclude. See Huddleston v. United States, 485 U.S. 681, 686 (1988) ("The threshold inquiry a court must make ... is whether that evidence is probative of a material issue other than character."); Arizona v. Elmer, 21 F.3d 331, 335-36 (9th Cir.1994); Coursen v. A.H. Robins Co., 764 F.2d 1329, 1335 (9th Cir.1985). The district court erred in admitting this evidence.[1] Nevertheless, this error does not merit reversal, because we conclude after examining the record in detail that admission of this evidence was not "more probably than not the cause of the result reached by the jury." Jauregui, 852 F.2d at 1133.
 
 B. Andaya's record
 1. Andaya's record of citizens' complaints
 
 13
 Citizens' complaints may be admitted to show municipal liability or to show a police chief's liability. See Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991). In such cases, Federal Rule of Evidence 404(b) does not preclude the introduction of complaints, because the complaints are not used to prove the individual's previous conduct but to prove the city's or the police chief's knowledge. Although citizens' complaints may be relevant in Sec. 1983 actions, they were not relevant here because the Oakland Police Department investigated the complaints and concluded they were unfounded.
 
 
 14
 2. Andaya's performance reviews and subsequent misconduct
 
 
 15
 Appellants argue Andaya's subsequent acts are relevant to show municipal liability. The Ninth Circuit has joined other circuits in stating that a "jury properly could find ... policy or custom from the failure of [a police chief] to take any remedial steps after the violations." Larez, 946 F.2d at 647; accord McRorie v. Shimoda, 795 F.2d 780, 783-84 (9th Cir.1986). However, in the instant case, plaintiffs apparently abandoned their claims that there was a municipal policy or custom to use excessive force. On direct examination Charles Bates, plaintiffs' expert witness, did not testify concerning municipal policy or custom. Plaintiffs presented no other evidence showing municipal policy or custom, and their remaining claims against the City were based solely on the City's inadequate training and Police Chief Hart's failure to terminate officer Andaya. Thus, the court's refusal to admit evidence of Andaya's subsequent acts does not warrant reversal.
 
 
 16
 Appellants also argue evidence of Andaya's subsequent acts was relevant to impeach testimony that, after the May shooting, Andaya's performance improved. Andaya's credibility is an important issue, and Federal Rule of Evidence 607 permits a party to inquire into specific instances of conduct to impeach the credibility of a witness on the stand. See Fed.R.Evid. 607(b). However, the specific instances must be probative of truthfulness. The evidence was not admissible for impeachment purposes.
 
 C. The Hearsay Statement
 
 17
 Appellants argue Andaya's statement--"he got my baton, Sarge"--should not have been admitted as an excited utterance because enough time had passed to give Andaya an opportunity to fabricate, and the statement lacked the spontaneous unreflective quality necessary to justify the exception. "We review the district court's decision to admit evidence over a hearsay objection for abuse of discretion." Larez, 946 F.2d at 641.
 
 
 18
 For Rule 803(2) to apply, the declarant's statement must be a spontaneous reaction to the event and not the result of reflective thought. Guam v. Ignacio, 10 F.3d 608, 615 (9th Cir.1993); United States v. McLennan, 563 F.2d 943, 948 (9th Cir.1977), cert. denied, 435 U.S. 969 (1978); see also Idaho v. Wright, 497 U.S. 805, 820 (1990). To determine this, we consider factors such as the amount of time that elapsed between the event and the declaration, and whether the declarant spoke to anyone in the interim. See United States v. Sherlock, 962 F.2d 1349, 1365 (9th Cir.1989), cert. denied, 113 S.Ct. 419 (1992); United States v. Nick, 604 F.2d 1199, 1202 (9th Cir.1979); United States v. Napier, 518 F.2d 316, 318 (9th Cir.), cert. denied, 423 U.S. 895 (1975).
 
 
 19
 The record indicates that Sergeant Martin arrived on the scene 3 to 4 minutes after Andaya made the 940-B call. It is unclear precisely how much time passed between the shooting and Andaya's statement. Appellants argue enough time passed for Andaya to have the opportunity to speak with others, but appellants present no evidence that Andaya actually did so. The district court did not abuse its discretion by admitting Andaya's statement.
 
 III
 The proposed jury instruction
 
 20
 Appellants argue the district court's failure to give an excessive force instruction requiring the jurors to evaluate the incident as two separate uses of force violates the law-of-the-case doctrine. "In a civil case, we may not review a jury instruction in the absence of a proper objection." Larez, 946 F.2d at 638. Plaintiffs did not object to the jury instructions, so we cannot review the propriety of this instruction.
 
 IV
 Reassignment
 
 21
 Because we affirm the district court judgment, we need not consider appellants' request to assign this case to a different judge on remand.
 
 
 22
 We AFFIRM the district court's judgment.
 
 
 
 *
 The Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court also suggested this evidence would be admissible to impeach Stancill's children's testimony, see Fed.R.Evid. 404(a)(3) & 608(b), but 608(b) does not envision using evidence of specific instances of another's conduct to impeach a witness; it only discusses using specific instances of a witness' conduct. See Fed.R.Evid. 608(b). This evidence was inadmissible under Rules 404(a)(3) and 608(b)