FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

KIRK CORNELL HURD,

    Plaintiff - Appellant,

v.

STEPHANIE R. DOVE, NP,

    Defendant - Appellee.

No. 24-1376
(D.C. No. 1:23-CV-02110-PAB-KAS)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Kirk Cornell Hurd is an inmate with the Colorado Department of Corrections. He asserted claims under 28 U.S.C. § 1983 arising from medical treatment received from Nurse Practitioner Stephanie R. Dove. The district court granted Ms. Dove's motion to dismiss under Fed. R. Civ. P. 12(b)(6), and Mr. Hurd appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Hurd was diagnosed with cancer in July 2020 while incarcerated at the Denver Reception and Diagnostic Center. A part of his treatment, doctors inserted a gastronomy tube ("G-tube"), through which Mr. Hurd received nutrition for over a year. On September 9, 2021, the G-tube was removed at an Aurora, Colorado hospital, and that day, Mr. Hurd was returned to prison. Later that same day, he experienced complications relating to the G-tube site and saw Ms. Dove at the prison. Mr. Hurd alleges Ms. Dove ignored an obvious and serious danger to him because she did not call the hospital to report the complication. He further alleges that as a result, he incurred pain and suffering for more than 90 days.

On August 17, 2023, Mr. Hurd filed a complaint against the prison and two unknown defendants. He asserted two claims for violations of the First, Fifth, and Fourteenth Amendments, alleging the defendants interfered with his legal mail, his access to the courts, and his ability to conduct legal research. A magistrate judge found the complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and directed Mr. Hurd to file an amended complaint. He did so on October 30, 2023, naming Ms. Dove as a defendant for the first time and asserting a claim of deliberate indifference under the Eighth Amendment for inadequate medical care.

Mr. Hurd amended his complaint twice more. In the third amended complaint he named only Ms. Dove as the defendant and asserted two claims based on her alleged failure to provide adequate care: (1) a claim for deliberate indifference to

medical care in violation of the Eighth Amendment, brought under 42 U.S.C. § 1983, and (2) a claim under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  Ms. Dove moved to dismiss the claims under Rule 12(b)(6) of the Federal Rule of Civil Procedure, and a magistrate judge recommended granting the motion. Mr. Hurd objected, but the district court overruled his objections, adopted the recommendation, and entered judgment against Mr. Hurd's claims.  This appeal followed.

## II.  Discussion

We review a ruling on a motion to dismiss de novo, "accepting all well-pleaded allegations of the complaint as true and considering them in the light most favorable to the nonmoving party." *Johnson v. Smith*, 104 F.4th 153, 167 (10th Cir. 2024) (internal quotation marks omitted).  Because Mr. Hurd appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

The district court dismissed Mr. Hurd's deliberate indifference claim against Ms. Dove because he filed it more than two years after the claim accrued.  *See Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010) (noting the statute of limitations for § 1983 actions brought in Colorado is two years from the time the action accrues).  Mr. Hurd does not contest that his § 1983 claim against Ms. Dove accrued on September 9, 2021, and that he first named her as a defendant in the third amended complaint, filed on October 30, 2023.  But he argues that his claims against Ms. Dove are not barred by the statute of limitations because, under Rule 15(c) of the

3

Federal Rules of Civil Procedure his amended complaint relates back to the original complaint he filed on August 17, 2023.

As the district court noted, however, Mr. Hurd raised no specific objections to the magistrate judge's ruling that his amended complaint did not relate back to the original complaint. This court has "adopted a firm waiver rule" regarding objections to a magistrate judge's recommendations. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). To preserve de novo review by the district court and appellate review in this court, "a party's objections to [a] magistrate judge's report and recommendation must be both timely *and specific*." *Id.* at 1060 (emphasis added). This means the objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* The firm waiver "rule does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted).

Here, although Mr. Hurd did not cite Rule 15(c)(1) in opposing dismissal, the magistrate judge concluded the amended complaint against Ms. Dove did not appropriately relate back to his original complaint because the requirements of Rule 15(c)(1) were not met. She observed the original complaint alleged constitutional violations "regarding impermissible retaliation impacting [Mr. Hurd's] legal mail and access to the courts," but neither included a deliberate indifference

4

claim nor identified Ms. Dove. R. at 196. She concluded the third amended complaint "does not assert a claim arising out of the same conduct, transaction, or occurrence discussed in the original Complaint." *Id.* (applying Fed. R. Civ. P. 15(c)(1)(B)).

Mr. Hurd filed timely objections to the magistrate judge's recommendation, but as the district court correctly observed, his objections "merely quote[d] the text of Rule 15(c)(1)" and stated he objected to the recommendation, offering no statement about why he believed the magistrate judge's recommendation was incorrect. We agree with the district court that his mere citation to Rule 15 did not raise any sufficiently specific objection to the magistrate judge's conclusion that his third amended complaint did not relate back to the original complaint. *See Silva v. United States*, 45 F.4th 1134, 1136–37 n.2 (10th Cir. 2022) (stating a pro se plaintiff's "single sentence about *Bivens*" and citation to authority addressing § 1983 claims was not a sufficiently specific objection to the magistrate judge's recommendation).

Thus, the firm waiver rule bars review of this issue unless one of the two exceptions applies. The first exception does not apply because the magistrate judge provided the required advisement in the recommendation. And the second exception does not apply because Mr. Hurd has not shown that the district court committed plain error. *See id.* at 1122 (holding that the "interests of justice" standard includes, at a minimum, plain-error review). He argues the delay in notifying Ms. Dove of the lawsuit was the court's fault, not his, and that but for the delay Ms. Dove would have received notice of the claims within the 90-day deadline set by Rule 15(c)(1)(C). But

5

even accepting that any delay was not Mr. Hurd's fault, his argument would not affect the magistrate judge's conclusion that the claim against Ms. Dove in the third amended complaint does not arise out of the same conduct, transaction, or occurrence alleged in the original complaint, as required by Rule 15(c)(1)(B) & (C). Given that Mr. Hurd has identified no argument on appeal that challenges the basis of magistrate judge's conclusion, the interests of justice do not compel an exception to the firm waiver rule. In short, we agree with the district court that Mr. Hurd's objections were not sufficiently specific, which precludes further review of his § 1983 claim on appeal.

The district court also held that Mr. Hurd's claim under the PLRA must be dismissed because that statute confers no private right of action. We agree with the district court. The Supreme Court has observed in dicta that the PLRA "itself does not provide for a standalone damages remedy against federal jailers." *Ziglar v. Abbasi*, 582 U.S. 120, 149 (2017). Instead, the PLRA imposes restrictions on prisoners' lawsuits arising under other laws, particularly § 1983. *See, e.g.*, § 1997e(a) (imposing administrative exhaustion requirement on prisoner lawsuits brought under § 1983); § 1997e(c) (authorizing sua sponte dismissals of prisoner lawsuits challenging prison conditions under § 1983); § 1997e(e) (barring recovery for emotional or mental injury in cases not involving physical injury or a sexual act); *see also Jones v. Bock*, 549 U.S. 199, 203-04 (2007) (observing the PLRA was intended to reduce the number of prisoner lawsuits and "filter out the bad claims"). And a separately codified provision of the PLRA states the act "shall in no way

6

expand or restrict the authority of parties other than the United States to enforce the legal rights which they may have pursuant to existing law with regard to institutionalized persons." § 1997j; *see also McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986) (stating that § 1997j "precludes a private cause of action" under the PLRA). Thus, we agree with the district court that § 1997e(e) provides no cause of action to independently support Mr. Hurd's claim.

### III.  Conclusion

We affirm the dismissal of Mr. Hurd's claims. We grant Mr. Hurd's motion for leave to proceed without prepayment of the filing fee. We remind Mr. Hurd he must continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Veronica S. Rossman
Circuit Judge