Kenneth GAUT, Plaintiff-Appellant,

v.

Franklin SUNN, Director of Social
Services and Housing, et al.,
Defendants-Appellees.

No. 83–2320.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 6, 1984.

Submitted April 8, 1986.

Decided June 20, 1986.

Christopher Laurence Chamness, Claremont, Cal., for plaintiff-appellant.

James H. Danneberg, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

Before BROWNING, Chief Judge, and DUNIWAY and SNEED, Circuit Judges

PER CURIAM:

Gaut, a Hawaii state prisoner, appeals from the dismissal of his second amended complaint for failure to state a claim upon which relief can be granted. We reverse.

Gaut brought an action against state prison guards under 42 U.S.C. § 1983 (1982) for deprivation of liberty without due process of law through beatings allegedly inflicted upon him by the guards, and for denial of access to the courts through threats allegedly made by the guards. Gaut also alleged cruel and unusual punishment, a denial of medical care subsequent to the beatings, and vicarious liability on the part of prison administrators. Gaut has failed to argue that the dismissal of these causes of action was error and we do not address them.

■ Prison beatings which "shock the conscience" are actionable under section 1983. *Meredith v. Arizona,* 523 F.2d 481, 483 (9th Cir.1975). In *Meredith* we quoted and adopted the following standard from *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973):

In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore

discipline or maliciously and sadistically for the very purpose of causing harm.

■ We take the allegations of Gaut's second amended complaint as true. *North Star International v. Arizona Corporation Commission,* 720 F.2d 578, 580 (9th Cir.1983). Gaut alleges he was severely beaten, kicked, choked, and thrown against a wall by several guards when he shuffled his feet during a prison "shakedown," and was beaten again while handcuffed after he was taken to a holding unit. The complaint alleges the type of intentional, unjustified, unprovoked, and brutal conduct we have found to constitute a section 1983 claim in previous cases. *See Rutherford v. City of Berkeley,* 780 F.2d 1444, 1446–47 (9th Cir.1986); *Meredith,* 523 F.2d at 484; *Gregory v. Thompson,* 500 F.2d 59, 61–62 (9th Cir.1974); *Allison v. Wilson,* 434 F.2d 646, 647 (9th Cir.1970) (per curiam); *Allison v. California Adult Authority,* 419 F.2d 822, 823 (9th Cir.1969); *Wiltsie v. California Department of Corrections,* 406 F.2d 515, 516–17 (9th Cir.1968).

■ Gaut also alleged he was "threatened with bodily harm" by the defendants "to convince him to refrain from pursuing legal redress" for the beatings. This allegation made out a cause of action under section 1983 for denial of Gaut's right of access to the courts; failure to allege the threats were carried out or that Gaut was deterred from suing did not justify dismissal for failure to state a claim. *Lamar v. Steele,* 693 F.2d 559, 562 (5th Cir.1982); *Hudspeth v. Figgins,* 584 F.2d 1345, 1347–48 (4th Cir.1978) (per curiam); *Campbell v. Beto,* 460 F.2d 765, 768 (5th Cir.1972).

Prisons being the kinds of places that they are, prison guards being the kinds of people that they often are, and prisoners being subject to control under often severe circumstances, we have no doubt that when threats of bodily harm are made against prisoners to discourage them from pursuing legal redress, those threats are likely to be successful. Thus they are an improper interference with the undoubted constitutional right of the prisoner to access to the courts. As to that right, see *Bounds v.*

*Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

Cases cited by defendants are distinguishable. The holding of *McFadden v. Lucas,* 713 F.2d 143, 145–47 (5th Cir.1983) (*see also Johnson v. Glick,* 481 F.2d at 1033, n. 7), that threats alone are not actionable under section 1983 as assaults sufficient to shock the conscience, does not justify dismissal of a section 1983 action alleging use of threats to deny access to the courts. *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (per curiam), is distinguishable because the threat alleged was regarded as mere verbal harassment.

■ Neither of Gaut's claims is precluded by *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *Parratt* does not apply to substantive due process claims, including *Meredith* claims. As we said in *Rutherford,* 780 F.2d at 1447:

> Where the denial is of substantive, not merely procedural, due process, the governmental conduct involved would remain unjustified even if there existed the most stringent of procedural safeguards. Because the substantive due process is violated at the moment the harm occurs, the existence of a postdeprivation state remedy should not have any bearing on whether a cause of action exists under § 1983.

*Cf. Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986).

**REVERSED and REMANDED.**

SNEED, Circuit Judge, concurring in part and dissenting in part:

I concur in that part of the court's opinion holding that the complaint's allegations of being beaten, kicked, choked, and thrown against the wall state a cause of action under 42 U.S.C. § 1983 (1983). The existence of a remedy under state law that conforms to procedural due process has been made irrelevant under the law of this circuit. *Haygood v. Younger,* 769 F.2d 1350 (9th Cir.1985) (en banc). More recently this court has bypassed *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), by drawing a distinction between claims resting on *substantive* due process and those resting on *procedural* due process. This distinction is employed here. *See supra* p. 875. The net effect is that in this circuit *Parratt v. Taylor* has little, if any, operative force.

I have decried this development previously. *See Mann v. City of Tucson,* 782 F.2d 790, 794–800 (9th Cir.1986) (Sneed, J., concurring). I do so again here and incorporate by reference the substance of my observations in *Mann v. City of Tucson.* Sooner or later the Supreme Court will introduce more reason into this area than presently exists. For federal courts to complain about overwork, while busily creating a comprehensive tort system applicable to all forms of misconduct by those acting under the color of state law, is to ask for scornful rejection of their complaint. Either they do not have too much to do or they want to do something other than what they are presently doing. Either way I cannot blame the public for its indifference.

Nowhere is this expansionist thrust more evident than in the court's holding here that "verbal intimidation" under the facts as alleged constitutes an actionable section 1983 claim. "Verbal intimidation" alone probably does not state a claim in tort under the law of the State of Hawaii. Hawaii Rev.Stat. § 707–715 commentary (1976). Clearly it is doubtful that it amounts to the misdemeanor "terroristic threatening," the likely source of a civil tort, that is proscribed in Hawaii Rev.Stat. § 707–715 (Supp.1986). *See In re Doe,* 3 Hawaii App. 325, 331, 650 P.2d 603, 608 (1982) (requiring psychological trauma to recover for the intentional infliction of such injury) (quoting Hawaii Rev.Stat. § 707–715 commentary (1976)) (amended 1979).[1]

---

1. The torts of assault and assault and battery are not defined by statute in California. This

affords a court the opportunity to extend the concept of the tort beyond the limits placed by

To treat conduct of this type as meeting the constitutional standard of *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), is to trivialize the Eighth Amendment.

The majority finds more than mere "verbal intimidation" in this case. Count five of Gaut's complaint alleges;

> Plaintiff has been and continues to be verbally intimidated and threatened with bodily harm by state officials to include named defendants herein to convince him to refrain from pursuing legal redress for the events occurring on and subsequent to October 29, 1982.

No action, however, other than threats is alleged. The majority position rests on the fact that the alleged threat had as its purpose the prevention of Gaut's pursuit of legal redress. This, the court presumably reasons, contravenes a prisoner's right of access to the courts recognized in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and earlier cases.

*Bounds,* it will be recalled, held that the right of access requires "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828, 97 S.Ct. at 1498. Obviously *Bounds* did not address the question presented by Gaut's count five allegations. Nonetheless, it is a fact that threats such as Gaut alleges do not enhance a prisoner's access to the courts. The court holds, in effect, that this verbal discouragement, without more, transgresses the Constitution.

No case that I have been able to find precisely so holds. *Hudspeth v. Figgins,* 584 F.2d 1345 (4th Cir.1978) (per curiam), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979), contains language that supports the court; but in fact the prison authorities took steps to implement the threat by transferring the prisoner to a road gang as they had threatened to do. *Campbell v. Beto,* 460 F.2d 765 (5th Cir. 1972), is a similar case. The threat to punish if the prisoner filed more writs was made in the context of a course of severe mistreatment by prison officials. Moreover, the court stated that the threats, "if proved, would certainly be an appropriate justification for injunctive relief" because a prisoner's access to the court cannot be curtailed or restricted. 460 F.2d at 768. That injunctive relief, if relief is to be given, is more appropriate than damages is obvious. Here injunctive relief is unnecessary because the necessary writs were filed. Despite the threats access was obtained.

The absence of any significant restriction in fact and any overt act intended to reinforce the seriousness of the threat distinguishes this case from *Hudspeth* and *Campbell.* This case involves "verbal intimidation" only. Confronted with this form of intimidation, the Fifth Circuit had no difficulty in holding no section 1983 claim was stated. *See McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.), *cert. denied,*

---

its corresponding statutory criminal definition. 6 Cal.Jur.3d *Assault and Other Wilful Torts* § 21 (1973). However, in civil actions for assault, the courts often apply the penal definitions and rely on criminal cases in rendering their decisions. *See Fraguglia v. Sala,* 17 Cal.App.2d 738, 742, 62 P.2d 783, 785 (1936); 4 B. Witkin, Summary of California Law § 194, at 2482 (8th ed. 1974); 6 Cal.Jur.3d *Assault and Other Wilful Torts* § 21, at 208 (1973). *McChristian v. Popkin,* 75 Cal.App.2d 249, 260, 171 P.2d 85, 92 (1946), held that the trial court correctly instructed the jury as to what constitutes an assault or battery by giving the Penal Code definitions thereof.

Apart from reliance on criminal definitions, a civil action for assault will lie based upon inva-

sion of the right of a person to live without being put in fear of personal harm. *Lowry v. Standard Oil Co.,* 63 Cal.App.2d 1, 7, 146 P.2d 57, 60 (1944). This case was never cited again for this proposition but the case does appear under the heading "Personal Rights" in the discussion notes to California Civil Code § 43 (Deering 1971).

Although the tort of assault is never defined by the California Civil Code, 4 B. Witkin, Summary of California Law § 194, at 2483 (8th ed. 1974) states: "Mere words, however threatening, will not amount to an assault." No civil cases have been found allowing recovery without physical injury.

464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). The court relied on Judge Friendly's opinion in *Johnson v. Glick,* 481 F.2d 1028, 1033 & n. 7 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), in which he pointed out that under the common law mere words, however violent, did not amount to an assault. A similar position was reached in *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979) (per curiam), where allegations of threatening language and a refusal to mail certain legal correspondence was held not to state a section 1983 claim.

In essence the majority holds that, even though no threats were carried out and no access to the courts blocked, it is constitutional to say to a prisoner "You do as I say [anything other than not filing law suits] or I will beat you," but unconstitutional to say, "You stop filing law suits or I will beat you."

That is too fine a point for me. I respectfully dissent.