**Wallace SHAH, Plaintiff-Appellant,**

v.

**COUNTY OF LOS ANGELES, Deputy Sheriff W. Corette, Deputy Sheriff Matsumoto, Defendants-Appellees.**

No. 83–6335.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1985.

Decided Aug. 15, 1986.

Ronald Steven Mintz, Ontario, Cal., for plaintiff-appellant.

Frederick Bennett, Deputy County Counsel, Los Angeles, Cal., for defendants-appellees.

Before FLETCHER, PREGERSON and CANBY, Circuit Judges.

PREGERSON, Circuit Judge:

Wallace Shah sued Los Angeles County Deputy Sheriffs Corette and Matsumoto ("the deputies") and the County of Los Angeles ("County") under 42 U.S.C. § 1983 for allegedly unconstitutional actions committed while Shah was in pretrial detention in the Los Angeles County Jail.

Shah alleged that the deputies assaulted and harassed him, denied him medical treatment, and opened his mail without his consent, in violation of his right not to be deprived of liberty without due process of law guaranteed by the fourteenth amendment.[1] Shah further alleged that the deputies' mistreatment was pursuant to a policy, custom or practice of Los Angeles County to intimidate prisoners from seeking legal redress to ameliorate the conditions of confinement in the County Jail.

The district court dismissed Shah's claims against the deputies, holding that the availability of an adequate post-deprivation state law remedy barred a section 1983 suit alleging a violation of fourteenth amendment liberty interests under the doctrine of *Parratt v. Taylor*, 451 U.S. 527, 540–44, 101 S.Ct. 1908, 1915–17, 68 L.Ed.2d 420 (1981). The district court also dismissed Shah's suit against the County for failure to state a claim for municipal liability under section 1983.[2] We affirm in part, reverse in part, and remand to the district court.

## STANDARD OF REVIEW

We review *de novo* a district court's dismissal of an action for failure to state a claim. *Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984). In conducting this review, we must assume the correctness of all the factual allegations made by Shah, the party whose suit the district court dismissed. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam); *see Guillory*, 731 F.2d at 1382.[3]

## DISCUSSION

### I. *Due Process Claim Against Deputies*

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong."

---

**1.** Shah also alleged violation of his rights under the fourth, fifth, and eighth amendments. Shah's complaint makes no mention of any action by the deputies that could conceivably implicate the search and seizure provisions of the fourth amendment or a violation of any right under the fifth amendment. The Supreme Court has held that the eighth amendment protects only those who have been convicted of a crime. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977). The eighth amendment thus does not protect pretrial detainees such as Shah. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979). Shah alleges that his activity as a "writ writer" motivated the deputies' behavior. While this might conceivably implicate Shah's first amendment rights, *see Gaut v. Sunn*, 792 F.2d 874, 876 (9th Cir.1986) (per curiam); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985), Shah makes no first amendment claim in his complaint. We have an obligation to construe the pleadings liberally when the petitioner is *pro se*, particularly in civil rights cases. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). However, we note that Shah was represented by counsel throughout, and thus we decline to broaden Shah's complaint beyond the several causes of action pled.

**2.** The district court stated that it was dismissing Shah's complaint in its entirety for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The district court should more prop-

erly have characterized the disposition as a dismissal for failure to state a claim; or, because the dismissal occurred after the close of pleadings, as a judgment on the pleadings; or, since the district court considered matters outside the pleadings to dismiss the County, as a summary judgment. *See* Fed.R.Civ.P. 12(b). *See generally* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1367 (1969).

If a plaintiff in his or her complaint invokes section 1983 as a jurisdictional basis and attempts to state a claim under section 1983, that is enough to establish subject matter jurisdiction. *York v. Story*, 324 F.2d 450, 453 (9th Cir.1963), *cert. denied*, 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). The district court here addressed the merits of whether Shah had established the requisite elements of his section 1983 claim, and such a determination goes to the sufficiency of the pleading to state a claim. *See Black v. Payne*, 591 F.2d 83, 86 n. 1 (9th Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979); *York*, 324 F.2d at 453.

**3.** Shah alleged that the deputies, in two separate incidents, assaulted him. He also alleged that these assaults caused him permanent injury which was aggravated by the deputies' refusal to permit immediate medical treatment. At oral argument, counsel for the County characterized these incidents as "minor slip-and-falls." Since we are reviewing the propriety of a motion to dismiss, we must assume the accuracy of Shah's allegations of assault, maltreatment, harassment, and intimidation by the deputies.

*Haygood v. Younger,* 769 F.2d 1350, 1353 (9th Cir.1985) (en banc), *cert. denied,* — U.S. —, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986). There are two essential elements to a section 1983 action: first, that the defendant acted under "color of law"; and, second, that the defendant's conduct deprived the plaintiff of a federally protected right. *Id.* at 1354; *see* 42 U.S.C. § 1983.

■ Shah's complaint clearly fulfills the first condition. The deputies were clothed with the legitimacy of the prison authority, and were purporting to act under that authority. *Monroe v. Pape,* 365 U.S. 167, 172–87, 81 S.Ct. 473, 476–84, 5 L.Ed.2d 492 (1961). Shah need not show that the deputies acted specifically within the scope of their authority to prove that they acted under color of law. *Haygood,* 769 F.2d at 1354. Negligent abuse of authority by government officers can satisfy the color of law requirement. *Parratt,* 451 U.S. at 534–35, 101 S.Ct. at 1912. Similarly, intentional acts can form the basis of a section 1983 action, even if committed without specific governmental authority. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984). An assault on a prisoner by a deputy is conduct under color of law. Shah therefore satisfies the color of law requirement.

■ To prove the second necessary element to state a section 1983 cause of action—that the deputies' conduct deprived him of a protected right—Shah must show that the injury he suffered at the deputies' hands infringed a right guaranteed by federal law or the federal Constitution. *Baker v. McCollan,* 443 U.S. 137, 142, 99 S.Ct. 2689, 2693, 61 L.Ed.2d 433 (1979); *Haygood,* 769 F.2d at 1354. The district court concluded that the state tort law remedies available to Shah were sufficient to satisfy the *procedural* due process requirements of the fourteenth amendment. *See Parratt,* 451 U.S. at 543–44, 101 S.Ct. at 1916–17; *Hudson,* 468 U.S. at 535, 104 S.Ct. at 3204–05. However, assuming Shah's allegations to be true, his complaint is not for a violation of *procedural* due process but for

a violation of *substantive* due process. An "intentional unjustified, [and] unprovoked" assault by a prison guard on a prisoner may be a violation of substantive due process. *Gaut v. Sunn,* 792 F.2d 874, 875 (9th Cir.1986) (per curiam); *see also McRorie v. Shimoda,* 795 F.2d 780, 785–86 (9th Cir. 1986); *Meredith v. Arizona,* 523 F.2d 481, 482 (9th Cir.1975); *Gregory v. Thompson,* 500 F.2d 59, 61–62 (9th Cir.1974); *Davidson v. Cannon,* — U.S. —, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986); *Norris v. District of Columbia,* 737 F.2d 1148, 1150–52 (D.C.Cir.1984); *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). The doctrine of *Parratt v. Taylor* does not bar section 1983 suits based on violations of substantive due process. *McRorie,* 795 F.2d at 786–87; *Gaut,* 792 F.2d at 875; *Mann v. City of Tucson, Department of Police,* 782 F.2d 790, 792–93 (9th Cir.1986); *Rutherford v. City of Berkeley,* 780 F.2d 1444, 1447 (9th Cir. 1986). Thus the district court erred in dismissing Shah's complaint.

II. *Municipal Liability Claim Against County*

■ Shah's complaint also included a claim for municipal liability against the County of Los Angeles. In *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities could be liable under section 1983 for constitutional violations by their employees acting in accordance with official policies, including unwritten customs. However, a government entity cannot be held liable solely because it employs a tortfeasor. *Id.* Thus, a plaintiff cannot use a theory of *respondeat superior* to hold a municipality liable under section 1983. *See id.* & n. 58.

In his complaint, Shah alleged that the actions of the deputies were the product of a policy, custom, or practice at the County Jail. Shah alleged that the prison authorities encouraged deputies at the jail to mistreat prisoners who protested the condi-

tions of their confinement. According to Shah, this policy was aimed at discouraging prisoners from seeking legal redress to ameliorate conditions at the jail. The district court dismissed this claim, holding, first, that any claim of jail policy, custom, or practice should be directed at the Los Angeles Sheriff, not the County of Los Angeles, and, second, that even if Shah amended his complaint, it would fail because "unsupervised acts of individual lower-level officers ... do not constitute an official 'policy' or 'custom.'"

The County argues that the Los Angeles County Sheriff is responsible for the day-to-day administration of the County Jail, and that the County is not responsible for any official policy, custom, or practice followed at the jail. We need not decide this issue because Shah has not asserted it on appeal and is therefore deemed to have abandoned his claim against the County. *See Kates v. Crocker National Bank,* 776 F.2d 1396, 1397 n. 1 (9th Cir.1985). We therefore affirm the district court's dismissal of Shah's claim against the County.

It is improper to dismiss on the pleadings alone a section 1983 complaint alleging municipal liability even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice. *See Guillory v. County of Orange,* 731 F.2d 1379, 1381–82 (9th Cir.1984). Therefore, on remand, Shah should be permitted to seek leave of court under Fed.R. Civ.P. 15 to amend his complaint to name the Los Angeles County Sheriff as a defendant.

Shah also seeks to recover his attorneys' fees. Because Shah failed to mention this request in his opening brief as required by our rules, 9th Cir.Ct.Apps.R. 13(b)(1)(E), and because this case is only at an intermediate stage of the proceedings, we deny Shah's application.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.

AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs.