977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George E. WEST, et al., Plaintiff-Appellant,
v.
Barbara R. HOUK; John J. Maier; Beth McCann, Deputy Clerk
of the County of Goshen, Torrington, Wyoming; Bill
Caldwell, Deputy Sheriff of Humboldt Co., Nevada; Gilbert
Western Mine, of Winnemucca, Nevada, Defendants-Appellees.
 No. 91-16632.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Wests appeal from the district court's grant of summary judgment against them in their 42 U.S.C. § 1983 action for damages against several individuals. The district court had jurisdiction pursuant to 28 U.S.C. § 1331; we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review a grant of summary judgment de novo. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). Because we conclude that, viewing the evidence in the light most favorable to the Wests, there are no genuine issues of material fact, and the district court correctly applied the relevant substantive law, Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989), we affirm.
 
 
 4
 The facts underlying the Wests' claim are that a writ of garnishment issued by a Wyoming state court was improperly served on Mr. West's Nevada employer, without the use of the correct Nevada procedures for enforcing an out-of-state judgment, resulting in the withholding of approximately $1200, which has since been returned to the Wests. The Wests sued under 42 U.S.C. § 1983, claiming that their right to due process under the Fourteenth Amendment was violated.
 
 
 5
 The district court granted summary judgment, holding that the availability of an adequate post-deprivation state law remedy barred a section 1983 suit alleging a deprivation of property without due process, under the doctrine of Parratt v. Taylor, 451 U.S. 527, 540-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-32 (1986). See also Hudson v. Palmer, 468 U.S. 517, 533 (1984); Wood v. Ostrander, 879 F.2d 583, 588-89 (9th Cir.1989). On appeal the Wests do not challenge the district court's holding that Nevada and Wyoming offer adequate post-deprivation remedies for recovery of their property.
 
 
 6
 Nevertheless, the Wests contend that because their section 1983 claim was based on alleged violations of substantive constitutional rights, not just a lack of procedural due process, the doctrine of Parratt and its progeny do not apply. See, e.g., Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir.1986) (Parratt "does not bar section 1983 suits based on violations of substantive due process"). Although they are correct on this point of law, the Wests have failed to allege, either in their complaint or on appeal, which substantive right guaranteed by the Constitution or other federal law has been violated.
 
 
 7
 The procedure in this case may have been faulty, but state garnishment laws that comport with the procedural requirements of the due process clauses are not otherwise unconstitutional. See, e.g., Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974) (upholding Louisiana's sequestration statute); Duranceau v. Wallace, 743 F.2d 709, 714 (9th Cir.1984) (upholding constitutionality of Washington's child support garnishment statute); cf. Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 193 (1941) (holding that federal courts and courts of other states must recognize valid attachment judgments of one state); Augustine v. McDonald, 770 F.2d 1442, 1445 (9th Cir.1985) (garnishment statutes are generally constitutional), citing Brown v. Liberty Loan Corp., 539 F.2d 1355, 1368 (5th Cir.), cert. denied, 430 U.S. 949 (1976).
 
 
 8
 Because the Wests have failed to identify any facts to support their allegation that their substantive rights were impinged by the garnishment of Mr. West's wages, and because Nevada and Wyoming offer adequate post-deprivation remedies, the district court correctly granted summary judgment on behalf of the defendants in this action.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3