HINDEN/OWEN/ENGELKE,
INC., Plaintiff,

v.

WAILEA KAI CHARTERS,
et al., Defendants.

Civ. No. 96–00584 ACK.

United States District Court,
D. Hawaii.

Oct. 30, 1996.

Adrian W. Rosehill, Ashford & Wriston, Honolulu, HI, Philip D. Dapeer, Los Angeles, CA, for Hinden/Owen/Engelke, Inc.

Daniel A. Bent, Carlsmith Ball Wichman Murray Case Mukai & Ichiki, Honolulu, HI, for Wailea Kai Charters, Inc., William E. Lopresto, Misue J. Lopresto, Michael A.H. Salzer, Pamela Salzer.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

KAY, Chief Judge.

### BACKGROUND

Plaintiff Hinden/Owen/Engelke, Inc., a California corporation, ("Plaintiff"), filed suit in the District of Hawaii against Defendants Wailea Kai Charters, Inc., dba Ocean Activities Center and Subsidiaries, and against William Lopresto, Misue Lopresto, Michael Salzer, and Pamela Salzer (collectively "Defendants"). This suit arises out of a finder's fee which Defendants apparently owe Plaintiff.

Plaintiff is in the business of finding sources of financing for entities which need money. Plaintiff does not provide financing per se but rather introduces potential borrowers to potential lenders. Plaintiff has no offices in Hawaii, has never solicited business in Hawaii, and has never contracted with anyone in Hawaii except for the instant transaction that serves as the basis for this suit. Plaintiff first came in contact with Defendants in 1994, when a Washington financing firm (in the same business as Plaintiff) received a request for funding from Defendants to finance a boat they wanted to have built in Louisiana. The Washington firm apparently could not find funding and in turn forwarded the financing request to Plaintiff. Plaintiff reviewed the financing memorandum which Defendants had submitted to the Washington firm. Thereafter Plaintiff's Executive Vice President met with the Defendants in Hawaii while he happened to be visiting the islands for 10 days on a family vacation. The parties met on August 31, 1994. Upon returning to California the Executive Vice President prepared a consulting

agreement which he faxed to Defendants and which Defendants signed and returned on September 20, 1994. Subsequently on October 10, 1994 Plaintiff arranged for a lender to provide financing for Defendants. Plaintiff faxed Defendants the financing proposal by the lender, which Defendants accepted. On November 18, 1994 Defendants faxed Plaintiff a letter acknowledging that Plaintiff had earned its finders fee. Purportedly the loan was never consummated and Defendants refused to pay the finder's fee. Thereafter Plaintiff instituted this suit to obtain its fee.

In the instant motion before the Court Defendants assert that the complaint should be dismissed because Plaintiff purportedly cannot maintain suits in Hawaii without obtaining a certificate from the State of Hawaii to conduct business here. Plaintiff filed a timely opposition but Defendants have not filed a reply. A hearing on this matter was held on October 21, 1996.

### STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(6), in determining whether a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri,* 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *Id.*

### DISCUSSION

The sole issue in this motion is whether the Plaintiff corporation is qualified to bring this suit. In diversity suits such as this, to determine whether a corporation is qualified to bring suit the federal district court must look to the law of the forum state in which the court sits. "If the doors of a State's courts are properly closed to a foreign corporation, it is now settled that the corporation is likewise barred from suing, on the basis of diversity of citizenship, in a Federal court sitting in that state." *Rock–Ola Manufacturing Corp. v. Wertz,* 249 F.2d 813, 814 (4th Cir.1957).

Under Hawaii law a foreign (out-of-state) corporation which transacts business in the State of Hawaii may not "be permitted to maintain any action, suit, or proceeding in any court of this state, until the corporation shall have obtained a certificate of authority" authorizing the corporation to transact business in the State. H.R.S. § 415–124. It is on this provision which Defendants premise their motion to dismiss because Plaintiff does not have a certificate from the State of Hawaii authorizing it to transact business here. However H.R.S. § 415–106 sets forth numerous exceptions to the definition of what constitutes "transacting business" in Hawaii. In relevant part the statute defines that the foreign corporation does not "transact business" in the State—and therefore need not obtain a certificate of authority from the State—if it "transact[s] any business in interstate commerce" or "conduct[s] an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature." H.R.S. §§ 415–106(b)(9) and (b)(10).

Applying this statute to the facts currently before the Court, it appears Plaintiff has not

"transacted business" in Hawaii as defined under Hawaii law. Plaintiff maintains no offices in Hawaii, has no agents or independent contractors in Hawaii, has not solicited business in Hawaii. Indeed Plaintiff has entered into only one contract associated with Hawaii, the contract at issue in this suit. Although Plaintiff's Executive Vice President met with the Defendants in Hawaii, it was only one occasion, over the period of not more than one day, while Plaintiff's officer was vacationing in Hawaii. In addition the contract did not form a long term relationship between the parties or require any performance by Plaintiff in Hawaii. Instead the contract merely contemplated Plaintiff finding a lender to finance Defendants' boat purchase.[1] In total this does not constitute transacting business in Hawaii as defined by Hawaii law. Moreover even if it did constitute transacting business, it appears to be interstate commerce and therefore the statute exempts Plaintiff from the certification requirements.

For these reasons, under the facts currently before the Court, under Hawaii law Plaintiff was not required to receive a certificate of authority from the State of Hawaii before bringing this suit. The Court therefore DENIES Defendants' motion to dismiss.

### CONCLUSION

For these reasons the Court DENIES without prejudice Defendants' motion to dismiss. At this time it appears that Plaintiff is a foreign corporation which has not obtained a certificate from the State to transact business in Hawaii. The Court finds that Plaintiff's single visit to Hawaii and subsequent contract with Defendants did not constitute "transacting" business as defined in the statute to require Plaintiff to obtain a certificate. Therefore under Hawaii law the fact that the Plaintiff corporation does not have a certificate to do business does not prevent it from bringing suit here. However Defendants may bring a successive motion to dismiss if upon additional discovery Defendants can

show that Plaintiff has in fact transacted business in Hawaii as defined by the statute.

IT IS SO ORDERED.

---

1. Defendants contended at the hearing that the contract was in actuality much broader, binding Plaintiff to allegedly act as Defendants' financial officer to determine whether Defendants should pursue the loan. However Defendants put forth no evidence to this effect and request additional discovery on this issue. At this time the Court therefore does not address the merits of these contentions.