Michael FUCHS and Michael Fuchs Development (Hawaii) LLC, Plaintiffs,

v.

TOKYU CORPORATION, Defendant.

CV. No. 01–00165 ACK.

United States District Court, D. Hawai'i.

Oct. 25, 2001.

A. Bernard Bays, Bruce D. Voss, Bays, Deaver, Lung, Rose & Baba, Honolulu, HI, for plaintiffs.

Bruce L. Lamon, Goodsill, Anderson, Quinn & Stifel, Honolulu, HI, for defendant.

### ORDER DENYING PLAINTIFFS' MOTION TO DISMISS

KAY, District Judge.

### BACKGROUND

This case stems from a soured real estate transaction. On January 9, 2001, Michael Fuchs Development (Hawaii) LLC (collectively with Michael Fuchs, "Plaintiffs") entered into a Purchase and Sale Agreement ("Agreement") for the purchase of approximately 100 acres of vacant land within the Mauna Lani Resort (the "Property") by Plaintiffs from Tokyu Corporation ("Defendant" or "Tokyu"). *See* Order Denying Motion for Summary Judgment and Denying Motion to Dismiss 1–2, July 31, 2001 (citing Agreement ¶¶ A and introductory paragraph) (hereinafter, "July 31, 2001 Order"). A detailed description of the facts leading to the filing of the complaint is contained in the July 31, 2001 Order and will not be repeated herein.

On March 9, 2001, Plaintiffs filed this lawsuit seeking specific performance and alleging breach of contract, breach of good faith and fair dealing, promissory estoppel, intentional and/or negligent misrepresentation, and intentional infliction of emotional distress.[1] On August 14, 2001, Defendant filed an Amended Counterclaim seeking declaratory judgment and alleging breach of contract, abuse of process, and fraud.

On July 31, 2001, this Court issued an order denying Defendant's motion for summary judgment on the specific performance issue and denying Plaintiffs' motion to dismiss the abuse of process counterclaim.

On August 24, 2001, Plaintiffs filed the instant motion to dismiss count IV of Defendant's amended counterclaim. Defendant filed an opposition on October 2, 2001. Plaintiffs filed a reply on October 11, 2001. The motion came before this Court at a hearing on October 22, 2001.

### STANDARD

 Under Rule 12(b)(6), in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the allegations contained in the complaint (or in this case, the counterclaim) and view them in a light most favorable to the claimant. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini*, 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint (or counterclaim) must stand unless it appears beyond doubt that the claimant has alleged no facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). A complaint (or counterclaim) may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri*, 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or

---

**1.** A First Amended Complaint filed on May 8, 2001 added the latter three counts.

other bar to relief is apparent from the face of the claim, such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, ¶ 12.07 at 12–68 to 12–69 (2d ed.1991 & supp. 1191–92) (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)) (emphasis added).

## DISCUSSION

### I. Fraudulent Inducement Claim Against Purchaser of Real Property

█ Defendant's counterclaim includes a count against Plaintiffs for fraud. Am. Counterclaim ¶¶ 30–45. Defendant alleges that Plaintiffs approached Defendant with an unsolicited offer to buy the Property and falsely represented, for the purpose of inducing Defendant to sell the property, that Fuchs would pay the entire purchase price out of his personal funds. Am. Counterclaim ¶¶ 32–38. Defendant alleges that it did rely, and Plaintiffs knew it would rely, upon these representations and that Defendant would not have entered into the Agreement had it known that these representations were false. Am. Counterclaim ¶¶ 39–43.

Plaintiffs seek dismissal of the fraud claim because Plaintiffs argue that as a matter of law, a claim of fraudulent inducement cannot be maintained against a purchaser of real property. As support for this proposition, Plaintiffs rely only on a footnote in the Supreme Court of Hawaii decision in *Adair v. Hustace*, 64 Haw. 314, 640 P.2d 294 (1982). *Adair* was a quiet

title action in which defendants sought cancellation of an approximately forty year old real estate deed on the ground that the deed was fraudulently procured by the purchaser. *Adair*, 640 P.2d at 299.

The facts of *Adair* are as follow. The owner of a parcel of land entered into an oral lease to allow the lessee to use the land for cattle grazing. Later, the owner(s) (at that time, the original lessor's daughter and the daughter's husband) signed what they believed to be a continuing lease, allowing the lessee to continue leasing the land for cattle grazing. In fact, the document was a deed of the property from the owners to the lessee. The claim for fraud was brought almost forty years later after the title of the property had passed hands. The owners of the land at the time of the action were bona fide purchasers. *Id.* at 298.

The decision in *Adair* is based on the doctrine of laches.[2] In a footnote, the court briefly considered the issue of whether an action to cancel a deed for fraud may be maintained against a subsequent bona fide purchaser. *Adair*, 640 P.2d at 299, n. 4. The court noted that "an action to cancel a deed for fraud may be maintained against a true bona fide purchaser if the alleged fraud is fraud in the factum, but not if it is fraud in the inducement." *Id.*[3]

Plaintiffs would have this Court read *Adair* to preclude any and all claims brought by sellers of real estate against buyers of real estate for fraud in the inducement. Mot. 5–6. However, *Adair*

---

2. The court held that the doctrine of laches could properly operate to preclude cross claimant's claim, that the jury was adequately instructed on application of the doctrine, and that the jury's finding was supported by substantial evidence. *Adair*, 640 P.2d at 303.

3. The court stated that fraud in the factum is fraud which goes to the nature of the document itself, while fraud in the inducement is fraud which induces the transaction by misrepresentation of motivating factors such as value, extent, usefulness, age, or other characteristic of the property. *Adair*, 640 P.2d at 299, n. 4.

only applies to subsequent bona fide purchasers of the property and thus has no application to the case at bar. This Court will *not* extend *Adair* to preclude all sellers of real estate from bringing any claims of fraudulent inducement against any purchasers. *Cf. Burke v. Harman,* 6 Neb. App. 309, 574 N.W.2d 156, 176 (1998) (in fraudulent and negligent misrepresentation action brought by artifact seller, it is "of no consequence" that the alleged recipient of the fraudulent misrepresentation is the seller instead of the buyer); *State v. Proctor,* 196 Ariz. 557, 2 P.3d 647, 657 (1998) (conviction for crime of fraudulent scheme and artifice where defendant fraudulently induced the seller to sell him real property); *Heise v. Pilot Rock Lumber Co.,* 222 Or. 78, 352 P.2d 1072 (1960) (affirming judgment against buyer for fraudulent misrepresentation and concealment that induced seller to sell timber on land for less than true value); *Namomi v. Ah Niu,* 5 Haw. 441 (1885) (action where sellers of land claimed they were fraudulently induced to sell property was dismissed, in part, not because action failed as a matter of law, but because there was no evidence that fraudulent representations were made).

## II. Representation of a Material Fact

■ Plaintiffs contend that Defendant has not sufficiently alleged a claim for fraud because the representations allegedly made by Plaintiffs (that Fuchs would pay the purchase price out of his own personal funds) do not constitute a material fact, as required for a claim of fraudulent inducement. Mot. 6.

■ The elements of fraudulent inducement are:

(1) a representation of material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to [his] damage. *Touche Ross Limited v. Filipek,* 7 Haw. App. 473, 778 P.2d 721, 726 (1989) (citation omitted). To be actionable, the false representation must relate to a past or existing material fact. *Id.* However, a promise relating to future action or conduct will be actionable if the promise is made without the present intent to fulfill the promise. *Id.*

Defendant's counterclaim alleges that Plaintiffs approached Defendant with an unsolicited offer to buy the Property. Plaintiffs attempted to address Defendant's reluctance to sell by repeatedly representing, for the purpose of inducing Defendant to sell the property, that Fuchs would pay the entire purchase price out of his personal funds. Am. Counterclaim ¶¶ 32–39. For example, as evidence of the fraudulent inducement, Defendant alleges that a written memorandum preparing Fuchs for an October 2000 telephone call with Defendant states, "[a]t this point it is important that they believe that you are purchasing the property for your own account with your cash funds." *Id.* at ¶ 37. The representations made to Defendant were false, Plaintiffs knew they were false, Defendant relied on them, and Plaintiffs knew Defendant would rely on them. Am. Counterclaim ¶¶ 39–42.

The Court finds that the Defendant has sufficiently alleged fraudulent inducement to withstand a motion to dismiss. Taking all of Defendant's factual allegations as true, it is clear that Defendant has alleged representation of a material fact made for the purpose of inducing the Defendant to act, known to be false by Plaintiffs but reasonably believed true by Defendant, and upon which Defendant relied and acted to its damage. Defendant has sufficiently alleged that the representation of fact was material, as Defendant alleges

that it would not have entered into the Agreement if it had known the representations were false. *See* Black's Law Dictionary 991 (7th ed.1999) (defining material as "[o]f such a nature that knowledge of the item would affect a person's decision-making process; significant; essential"); *see also TSA Int'l Ltd. v. Shimizu Corp.,* 92 Haw. 243, 990 P.2d 713, 728 (1999) (in context of fiduciary's duty to disclose information, nondisclosure is material if the nondisclosed facts were such as might be expected to have induced action or forbearance by the other party). *Cf. Peine v. Murphy,* 46 Haw. 233, 377 P.2d 708, 712 (1962) (fraudulent representation must have been relied upon, acted upon, and have constituted the basis upon which the transaction took place). Defendant has not made merely "[c]onclusory allegations of law and unwarranted inferences," Reply 3 (citing *Hawaii v. Fed. Emergency Management Agency,* 78 F.Supp.2d 1111, 1117 (D.Haw.1999)), but rather has alleged particular facts that demonstrate the materiality of the representation.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to dismiss count four of the counterclaim.

IT IS SO ORDERED.