Stephen BASDEN; Michael Krivak; Alex Owen; Fred Robinson, Plaintiffs–Appellants,

and

Eric Watson, Plaintiff,

v.

Christopher BRINKLEY; Alan Hirjak; Las Vegas Metropolitan Police Department; Leeke, P.J., Sergeant; Bill Young, Defendants–Appellees.

No. 06–16147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed April 10, 2008.

Cal J. Potter, III, Esq., Potter Law Offices, PC, Allem Liehtenstein, General Counsel for ACLU of Nevada, Las Vegas, NV, for Plaintiffs–Appellants.

Thomas D. Dillard, Jr., Esq., Rawlings Olson Cannon Gormley & Desruisseaux, John D. Harper, Esq., Las Vegas, NV, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Eric Watson, Alex Owen, Fred Robinson, Stephen Basden, and Michael Krivak ("Appellants") were inmates at the Clark County Detention Center, in Clark County Nevada, on June 29, 2003. Late that evening, Christopher Brinkley, a correctional officer, threw an M–4 devastator firecracker—which he had obtained from fellow officer Alan Hirjak—into the inmate module that housed the Appellants. Appellants allege permanent hearing loss, severe headaches, and emotional distress as a result of the explosion.

Appellants brought a 42 U.S.C. § 1983 action against both officers and their supervisor, Sergeant P.J. Leeke, in their individual and official capacities; the Las Vegas Metropolitan Police Department ("LVMPD"); and Bill Young, the Sheriff of Clark County, alleging federal constitutional violations, a civil conspiracy, and state law causes of action.

The district court granted summary judgment for all of the defendants on the federal claims, and declined to exercise supplemental jurisdiction on the remaining state law claims. The court held that Appellants failed to establish that the offi-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cers were acting under color of law during the firecracker incident because "explosive devices are not permitted in any LVMPD facility," and because there was "no evidence in the record to show that such an act is part of the normal course of conduct for LVMPD correctional officers." Additionally, with respect to LVMPD, the district court concluded that Appellants offered insufficient evidence that the department had a policy or custom of permitting firecracker attacks.

■ The district court erred in ruling that officers Hirjak and Brinkley were not acting under color of law during the firecracker episode. This court has held, unambiguously, that "[a]n assault on a prisoner by a deputy is conduct under color of law." *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir.1986). This comports with general color-of-law principles because such assaults invariably occur "during a meeting 'related to the provision of services pursuant to [the deputy's] employment,'" and because a deputy, by the nature of his authority within the prison walls, uses his "'government position to exert influence and physical control'" over prisoners. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir.1996) (quoting *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir.1991)). Accordingly, we reverse the district court's order dismissing the Appellants' § 1983 action against Officers Hirjak and Brinkley in their personal capacities.

■ The district court properly dismissed the claims against LVMPD. In order to establish municipal liability under § 1983, a plaintiff must demonstrate, among other things, that his injury is a result of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir.1992) (per curiam). Appellants argue that the detention center's policy prohibiting firecrackers on the premises was so vague that it constituted an official policy, custom, or practice that caused the officers' attack on the inmates. The evidence hardly supports that conclusion. Even if there were no policy *banning* firecrackers, that does not suggest the existence of a policy *promoting* the throwing of firecrackers at inmates.

Further, the evidence does not establish that LVMPD failed to take preemptive action against a known threat. Although testimony shows that there were some prior incidents involving firecrackers in briefing rooms, the record does not reveal any other instances in which an officer attacked an inmate with a firecracker.

■ Though the officers' behavior was unacceptable, Sheriff Young did not ratify their actions by declining to terminate them. Officers Hirjak and Brinkley both received substantial suspensions that sent a clear message.

■ Appellants have not raised a triable issue of fact as to whether Sergeant Leeke's failure to stop Officers Hirjak and Brinkley was a proximate cause of the attack. There is no evidence that he had any advance knowledge of the officers' plans.

■ Nor was Sergeant Leeke deliberately indifferent to the inmates' rights when he admonished Officers Hirjak and Brinkley that they need not discuss the incident with him while he was investigating it. His responsibility, it appears, was only to conduct a preliminary investigation in advance of the more thorough work of LVMPD's Internal Affairs Bureau. The Sergeant fulfilled his role, and nothing about the process as a whole suggests that LVMPD's procedures are consciously indifferent to the rights of prisoners.

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment in favor of all the defendants in their official capacities, including LVMPD. We also **AFFIRM** the district court's grant of summary judgment to Sergeant Leeke in his individual capacity. Although it is unclear whether Appellants sued Sheriff Young in his individual capacity, we hold that they have failed to raise a triable issue of fact as to his liability in a personal capacity. Finally, we **REVERSE** the district court's grant of summary judgment in favor of Officers Hirjak and Brinkley in their individual capacities, and **REMAND** for further proceedings consistent with this memorandum.

Each party shall bear its own costs on appeal.