NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOLOMON COLEMAN,<br><br>         Plaintiff - Appellant,<br><br>  v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOSEPH LEPORE; CHERYL HOOTEN; BRIAN SANTAROSSA; DONALD SHANE; R. TENNANT; VICENTE RAMIREZ; LISA LUZAICH,<br><br>         Defendants - Appellees. | No. 24-2939<br><br>D.C. No.<br>2:20-cv-00739-JAD-BNW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted January 15, 2026**

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

This action arises from the Las Vegas Metropolitan Police Department's

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

internal investigation of former officer Solomon Coleman ("Plaintiff") that resulted in his arrest and prosecution for sex-related crimes. After his acquittal on all but one charge and the Nevada Supreme Court's reversal of his conviction on the remaining offense, Plaintiff brought this action under 42 U.S.C. § 1983, alleging that the officers and deputy district attorney involved in his investigation and prosecution violated his constitutional rights. The district court denied Plaintiff's motion for summary judgment, dismissed the claims against Defendants Hooten and Ramirez under Federal Rule of Civil Procedure 4(m), and granted summary judgment to the remaining Defendants on all other claims. Proceeding pro se, Plaintiff timely appealed. We review the district court's summary judgment de novo, *Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025), and affirm.

1.     The district court properly dismissed the claims against Defendants Hooten and Ramirez under Federal Rule of Civil Procedure 4(m) because Plaintiff did not serve them with process. Absent proper service of process, a district court lacks personal jurisdiction over a defendant. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Accordingly, the court must dismiss claims against any defendant not served with the summons and complaint within 90 days, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Plaintiff did not attempt to serve Hooten and Ramirez in the four years between the complaint's filing and the summary judgment order, and Plaintiff has not shown good cause.

He argues that the initial error was his former attorneys', and that, when he began representing himself, he did not know that he needed to serve Hooten and Ramirez or that he could request an extension of time to do so. But, in our system of representative litigation, parties are bound by the acts of their lawyers. *Garcia v. I.N.S.*, 222 F.3d 1208, 1209 (9th Cir. 2000). Even if Plaintiff were not responsible for his attorneys' conduct, he did not move for an extension or attempt to serve Hooten and Ramirez in the 18 months after opposing counsel informed him of the requirement. And it is long-established that ignorance of Rule 4's requirements does not constitute "good cause" for failure to comply. *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

2.     The district court properly declined to reconsider its dismissal of Plaintiff's *Monell* claim against the Department. It is only when "execution of a [local] government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dept. of Social Services of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff is correct that a *Monell* claim may withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir.1986)). But Plaintiff's theory of liability is that "Defendant(s) deliberately and maliciously *ignored* policies, practices and procedures in an effort to violate

Plaintiff's" constitutional rights. He therefore has not made the requisite assertion that Defendants' allegedly violative conduct *conformed* to official Department policies or practices.

Plaintiff also argues that the district court failed to provide a clear record for appeal when it disposed of the claim during oral argument without issuing a written order. This argument is unavailing. Federal Rule of Civil Procedure 58(a), which requires that courts set out every judgment in a written "separate document," applies only to final judgments, not a partial dismissal. Fed. R. Civ. P. 58(b)(C). And the docket entry provided clear notice that the court granted the motion to dismiss in part and that a written order would not issue.

3.      The district court did not err when it determined that Defendants Lepore and Shane were entitled to qualified immunity on the Fourth Amendment claims arising from the search and seizure of Plaintiff's phone because there is no "clearly established right" to privacy in one's personal cell phone used for work. Summary judgment on qualified immunity grounds is improper if, viewing the facts in the light most favorable to the plaintiff, the defendant violated a constitutional right that was "clearly established" at the time of the alleged violation. *Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021).

The Supreme Court recognized a right to privacy in one's personal cell phone the year after the internal investigation. *See Riley v. California*, 573 U.S.

373, 403 (2014). Before *Riley*, the federal circuits were split on the issue. *See* Elizabeth S. Myers, *Containing Cell Phones? Restoring the Balance Between Privacy and Government Interests in Fourth Amendment Cell Phone Searches and Seizures*, 48 SUFFOLK U. L. REV. 203, 215 (2015). Additionally, it is undisputed that Plaintiff used his cell phone to conduct investigations as a public employee. Under the workplace inspection exception to the Fourth Amendment, public employees have a reduced expectation of privacy in their files, desks, and work-issued electronic devices. *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987) (plurality); *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 761 (2010). Although the phone was Plaintiff's personal property, he concedes that "no legal precedent existed regarding [whether the] workplace inspection exception [applies to] an employee's personal device used at work." Because the right to privacy in a personal cell phone used for work was not clearly established at the time of the internal investigation, the district court properly granted summary judgment to Lepore and Shane on qualified immunity grounds.

4.    The district court properly granted summary judgment to Defendants on the judicial deception claim. For such a claim to survive summary judgment, the plaintiff "must 1) make a substantial showing of [the officers'] deliberate falsehood or reckless disregard for the truth and 2) establish that . . . the affidavit, once corrected and supplemented, would not have provided a [judge] with a substantial

basis for finding probable cause." *Chism v. Washington State*, 661 F.3d 380, 386, 389 (9th Cir. 2011) (cleaned up). The witness's testimony would have supplied a sufficient basis for probable cause even if the affidavits had disclosed that she was a former sex worker with a felony conviction. Her identification of Plaintiff and detailed description of the incident were sufficiently reliable to establish a "fair probability" that officers would discover evidence of the incident on his phone. Probable cause requires nothing more. *See United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006). Neither the lack of additional witnesses or evidence, nor Plaintiff's conclusory allegation that the affidavits contained deceptive and false statements, undermine this conclusion. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1224-25 (9th Cir. 2009) (recognizing presumption that crime victims are generally credible and noting that a crime victim's testimony may be sufficient to establish probable cause). Although Defendant Santarossa testified that, ten years later, in light of subsequent developments, he was not certain of the witness's truthfulness, that testimony does not show that he doubted her truthfulness when he sought the search warrants.

5. Our conclusion that the witness's testimony was sufficient to establish probable cause that Plaintiff committed a crime is also dispositive of Plaintiff's malicious prosecution claim against Santarossa. *See Thompson v. Clark*, 596 U.S. 36, 43 (2022) ("[T]he gravamen of the Fourth Amendment claim for malicious

prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause.").

6. The district court correctly granted summary judgment to Defendants Lepore, Shane, Santarossa, and Tennant on Plaintiff's claim that they violated his due process rights by deliberately fabricating evidence. Where, as here, there is no direct evidence of fabrication, a plaintiff must, "*at a minimum,* point to evidence that . . . (1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

Because none of the relevant allegations relate to Lepore or Shane, they are entitled to summary judgment on this claim. Moreover, the only purported "coercive or abusive technique" is the search of Plaintiff's phone, but he has not shown that this was illegal or likely to generate false information. Additionally, there is insufficient evidence to raise a genuine dispute that Tennant or Santarossa believed Plaintiff was innocent at the time of the investigation. Plaintiff has not shown that the search warrant affidavits contained material omissions or false statements, nor does Santarossa's recent testimony suggest that he believed the witness's statements were false at the time of the investigation. Even assuming

7                                                                 24-2939

Santarossa received Hooten's email stating that the initial phone search did not reveal evidence supporting the witness's account, the email concerned only the initial phone search and was sent after officers discovered evidence of other misconduct on the phone.

**AFFIRMED.**